**AMERICAN BOILER MANUFACTURERS ASSOCIATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

and

**United Association Pipe Fitters Local Union 539, and United Association Plumbers and Gas Fitters Local Union 15, etc., AFL–CIO, Intervenors.**

No. 18107.

United States Court of Appeals
Eighth Circuit.

Oct. 6, 1966.

Kenneth C. McGuiness, of Vedder, Price, Kaufman & Kammholz & McGuiness, Washington, D. C., for American Boiler Mfgrs. Assn. Stanley R. Strauss, Washington, D. C., and Moller, Talent & Kuelthau, St. Louis, Mo., were with him on the brief.

Donald J. Capuano, of O'Donoghue & O'Donoghue, Washington, D. C., for United Assn. Pipefitters Local Union 455. Martin F. O'Donoghue, Washington, D. C., was with him on the briefs.

Louis Sherman and Charles R. Donnenfeld, of Sherman & Dunn, Washington, D. C., filed brief for Building & Construction Trades Dept. AFL-CIO.

Lambert H. Miller, Gen. Counsel, Edward R. Duffy, Associate Gen. Counsel, and Fred B. Haught, Asst. Counsel, Washington, D. C., filed brief for National Assn. of Mfgrs. of United States.

John H. Pratt, Gerard D. Reilly and Lawrence T. Zimmerman, Washington, D. C., filed brief for Air-Conditioning & Refrigeration Institute and Mechanical Contractors Assn., etc. as amici curiae.

Gary Green, Atty., N.L.R.B., for respondent. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost and Norton J. Come, Asst. Gen. Counsel, and Michael R. Brown, Atty., N.L.R.B., Washington, D. C., were with him on the brief.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HARPER, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This case is before us upon petition of American Boiler Manufacturers Association (ABMA) to review the order of the National Labor Relations Board issued August 5, 1965, reported at 154 NLRB No. 11. Jurisdiction of this court is established.

The controlling legal issues in this case are the same as those involved in our No. 18106, American Boiler Manufacturers Association v. N.L.R.B. and the cross-appeal in that case, No. 18200, recently decided by us. 8 Cir., 366 F.2d 815. Like the parties, we shall refer to that case as the *St. Paul* case. What is said there, applies to the case now before us.

■ The Union involved here, Local 539, is a sister union to the one involved in the *St. Paul* case.[1] It represents 700 craftsmen in the Minneapolis area, claiming jurisdiction over all pipefitting systems in its area. The Minneapolis Contractors Association is composed of contractors engaged in installing plumbing and heating equipment in the Minneapolis area.

After a number of prior unsuccessful attempts, Local 539 in 1963 succeeded in obtaining a fabrication clause in its contract with the Minneapolis Contractors Association. Such clause is in substance like the clause set out in the *St. Paul* case. It provides that "As a primary working condition," trim piping, etc., "shall be fabricated on the job site or in the shop of the employer signatory hereto by employees covered by this agreement." A fabrication committee is set up to apply, interpret and enforce the fabrication clause.

The § 8(b) (4) (A) and (B) and the § 8(e) charges arise out of Local 539's activities aimed at the prevention of the installation of prefabricated boilers. Such activities related to three projects, to wit Tonka Toys, Midwest Oil Co., and Pure Food and Drug Building.

---

1. Charges were filed against Local 15, United Association Plumbers and Gas-fitters. The Board found no violation by Local 15. ABMA in brief states that while it does not agree with such dismissal, it is not pressing the issue here. We consider the case against Local 15 to be abandoned.

Extensive hearings on the charged violations were held before the same trial examiner who heard the *St. Paul* case. Much of the *St. Paul* record was received in evidence by stipulation. The record as to the development of the use of packaged boilers in the Minneapolis area is substantially the same as that in the *St. Paul* case. Upon the basis of substantial evidence, credibility findings and the application of the rationale of the *St. Paul* case, the Examiner with respect to § 8(e) violations found:

"4. By entering into and maintaining an agreement containing a fabrication clause which, as interpreted, construed and applied, requires that packaged boilers prefabricated at plants by employees of employer-manufacturers may be used or installed in construction on the project jobsite only if trim piping, controls and other items part of the packaged boiler are fabricated at the jobsite by members of Local 539, Respondent Local 539 and Respondent Mechanical Contractors Association of Minneapolis, Inc., and its Member-Contractors engaged in, and are engaging in, unfair labor practices within the meaning of Section 8(e) of the Act."

He also determined that there were violations of § 8(b) (4) (A) and (B) on each of the projects here involved. The Board, contrary to the Examiner, found no § 8(e) violations or § 8(b) (4) violations had been established.

Among the errors asserted by ABMA is the following: "By refusing to determine the validity of the fabrication clause as written, the Board failed in its duty to make a full disposition of the issues in the case."

The fabrication clause is set out in the pleadings and evidence was received and considered upon the issue of the validity of the fabrication clause. The Examiner considered validity of the clause to be an issue and found the fabrication clause violative of § 8(e).

The Union pressure applied in the present case is perhaps not as strong as that applied in the *St. Paul* case. Here the Board found no new ad hoc agreements were entered into and that in all instances the packaged boilers were installed as delivered without unreasonable delay by Union employees.

The Examiner states that the parties have advanced substantially the same contentions with respect to the applicability of § 8(e) to the fabrication clause and as to the alleged § 8(b)· (4) conduct as were raised in the *St. Paul* case and that he rejects such contentions for the reason stated in his opinion in the *St. Paul* case. The Examiner also rejected the contention that the trim piping on the packaged boilers has customarily and traditionally been performed by members of Local 539, stating:

"Thus, the record not only fails to support the contention of Local 539, but demonstrates that the purpose of the fabrication was, and is, to secure work for its members, which is being performed by employees of the boiler manufacturers through restrictive contractual arrangements directed against the products of the boiler manufacturers."

■ The Board refused to pass upon whether the fabrication clause violated § 8(e) upon the ground that such issue had not been properly raised. Here, as in the *St. Paul* case, we find that the issue of the validity of the fabrication clause was fairly tried and that such issue is a vital and crucial foundation issue. Upon the basis of the authorities cited and the reasons stated in our *St. Paul* opinion, we hold that the Board erred in failing to resolve the issue of whether the fabrication clause is violative of § 8(e).

Upon this appeal, ABMA is urging that the Board erred in failing to uphold the Examiner's determination that the fabrication clause violates § 8(e) and in failing to hold that Local 539's coercive and inducing actions with respect to the Tonka Toy project constituted a violation

of § 8(b) (4) (B).[2] The § 8(b) (4) (B) charges relating to the Tonka Toys project arose out of the Union's efforts to enforce the provisions of the fabrication clause. The legality of the clause has an important bearing upon the propriety of the use of such clause to induce or coerce employers of Union members not to install prefabricated boilers and to cease doing business with the manufacturers and vendors of such boilers.

The order of the Board to the extent it determines no § 8(e) violations occurred and that there were no § 8(b) (4) (A) or (B) violations with respect to the Tonka Toys project is vacated and set aside. This case is remanded to the Board with direction to determine the validity of the fabrication clause and for re-examination in the light of such determination of the issues pressed upon this appeal, and for further proceedings not inconsistent with the views here expressed.

---

2. ABMA in its brief stated: "ABMA believes that the Board erred in failing to find that Local 539 induced Bjorkman's employees and coerced Paragon and Blesi-Evans within the meaning of subparagraphs (i) and (ii) of Section 8(b) (4). However, in order not to overburden the Court with relative unimportant matters, ABMA is not pressing these issues in this Cause." Upon the basis of the foregoing statement, it is our view that ABMA has abandoned any challenge to the validity of the Board's determination that no § 8(b) (4) violations occurred with respect to the Midwest Oil and Pure Food and Drug projects.